UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway – Suite 6085
New York, New York 10018
(212) 563-9884
michael@samuelandstein.com

*Attorneys for Plaintiff, individually and on behalf of all others similarly situated*

| | |
|---|---|
| Pablo Ramon Rodriguez, on behalf of himself and all other persons similarly situated,<br><br>Plaintiff,<br><br>- vs. –<br><br>New Generation Hardware Store Corp. d/b/a New Generation Hardware Store, and Kevin Reyes,<br><br>Defendants. | DOCKET NO. 21-cv-_____<br><br>**COMPLAINT**<br><br>**COLLECTIVE ACTION** |

Plaintiff Pablo Ramon Rodriguez, by and through his undersigned attorneys, for his complaint against New Generation Hardware Store Corp. d/b/a New Generation Hardware Store, on behalf of himself and all other persons similarly situated, alleges as follows:

### NATURE OF THE ACTION

1.  Plaintiff alleges, on behalf of himself and all other similarly situated current and former employees of defendant New Generation Hardware Store Corp. d/b/a New Generation Hardware Store, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA") § 216(b), that he is entitled to (i) unpaid wages from defendants for overtime work for which he did not receive overtime compensation pay as required by

law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the defendants' violations lacked a good faith basis.

2. Plaintiff further complains that he is entitled to: (i) back wages for overtime work for which Defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 *et seq*. and the supporting New York State Department of Labor regulations; (ii) back wages for unpaid "Spread of Hours" compensation which Defendants willfully failed to pay as required by the New York Labor Law; (iii) compensation for Defendants' violation of the Wage Theft Prevention Act; and (iv) liquidated damages pursuant to New York Labor Law for these violations.

## THE PARTIES

3. Mr. Pablo Ramon Rodriguez, ("Plaintiff" or "Mr. Rodriguez") is an adult individual residing in 1674 Macombs Road, Apt 3G, Bronx, NY 10453.

4. Defendant New Generation Hardware Store Corp. d/b/a New Generation Hardware Store, is a New York corporation with a registered business address at 1800 Dr. Martin Luther King Boulevard, Bronx, New York, 10453.

5. At all relevant times herein, Defendant New Generation Hardware Store Corp. d/b/a New Generation Hardware Store ( hereinafter "New Generation Hardware") and Keven Reyes, individually and/or jointly controlled the employment of Plaintiff and were responsible for retaining, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions.

6. At all times relevant herein, Plaintiff was employed individually and/or jointly by Defendants.

7. At all times relevant herein, Defendants have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

8. Upon information and belief, at all relevant times, Defendant New Generation Hardware has had gross revenues exceeding $500,000.00.

9. Upon information and belief, at all relevant times herein, Defendant New Generation Hardware has used goods and materials produced in interstate commerce, and has employed individuals who handled such goods and materials.

10. Upon information and belief, at all relevant times, Defendant New Generation Hardware constituted an "enterprise" as defined in the FLSA.

11. Upon information and belief, Defendant Kevin Reyes, is the owner or part owner and principal of New Generation Hardware; he has the power to hire and fire employees, set wages and schedules, and maintain their records.

12. Defendant Kevin Reyes is involved in the day-to-day operations New Generation Hardware and plays an active role in managing the business.

13. Defendants constituted "employers" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391, because Defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

16.     Pursuant to 29 U.S.C. § 206 and § 207, Mr. Rodriguez seeks to prosecute his FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendant New Generation Hardware in the United States at any time since May 28, 2019, to the entry of judgment in this case (the "Collective Action Period"), who were employees of defendant New Generation Hardware, and who were not paid overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

17.     The Collective Action Members are similarly situated to Mr. Rodriguez in that they were employed by the defendants as non-exempt employees, and were denied payment at the statutory minimum wage and/or were denied compensation overtime pay for hours worked beyond forty hours in a week.

18.     They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

19.     Mr. Rodriguez, and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by defendants.

20.     The exact number of such individuals is presently unknown, but is known by the defendants and can be ascertained through appropriate discovery.

## FACTS

21.     Upon information and belief, at all relevant times herein, Defendants were engaged in the business of selling products in the hardware category.

22. Upon information and belief, at all relevant times herein, Defendants owned and/or operated a hardware store located at 1800 Dr. Martin Luther King Boulevard, Bronx, NY.

23. At all times relevant herein, Defendants employed Mr. Rodriguez, as a store clerk in which position Plaintiff performed manual work including restocking inventory, sales helper, general store maintenance and other duties.

24. Mr. Rodriguez has been employed in such a position by Defendants from 2013 until approximately July 2021.

25. During his employment by Defendants, Mr. Rodriguez worked six days per week, with Sundays off.

26. Consequently Mr. Rodriguez worked approximately 72 hours per week during his employment by Defendants.

27. From 2013 through July 2021, Mr. Rodriguez worked a regular schedule six days per week, from 8:00 a.m. until 8:00 p.m. Monday through Saturday, with Sundays off.

28. During his employment by Defendants, Mr. Rodriguez was given paystubs which showed an hourly rate of $12.00 per hour, for 20 hours, even though he worked for 72 hours per week.

29. Mr. Rodriguez's work was performed in the normal course of Defendants' business and was integrated into the business of Defendants, and did not involve executive or administrative responsibilities.

30. At all relevant times herein, Mr. Rodriguez was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

31. Defendants failed to pay Plaintiff any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

32. Defendants' failure to pay Plaintiff the overtime bonus for overtime hours worked was willful and lacked a good faith basis.

33. Defendants failed to pay Plaintiff any "spread of hours" compensation, even though his daily shifts exceeded ten hours in length from start to finish.

34. Defendants failed to provide Plaintiff with properly compliant paystubs under the New York Labor Law.

35. Defendants failed to provide Plaintiff with a wage acknowledgment notice, upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

36. Upon information and belief, throughout the period of Mr. Rodriguez's employment, both before that time (throughout the Collective Action Period) and continuing until today, the defendants have likewise employed other individuals like Mr. Rodriguez (the "Collective Action Members") in positions at the defendants' store that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

37. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of overtime.

38. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet the defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

39. Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

40. Upon information and belief, while the defendants employed Mr. Rodriguez and the Collective Action Members, and throughout all relevant time periods, the defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

41. Upon information and belief, while the defendants employed Mr. Rodriguez and the Collective Action Members, and throughout all relevant time periods, the defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I: Fair Labor Standards Act - Overtime

42. Plaintiff, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

43. At all relevant times, Defendants employed Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

44. Defendants had a policy and practice of refusing to pay their employees the correct overtime premiums for hours they worked that exceeded forty hours per workweek.

45. Because of Defendants' willful failure to compensate Plaintiff at a rate at least one-and-one-half times the regular rate of pay for work performed exceeding forty hours per workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

46. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacks a good faith basis within the meaning of 29 U.S.C. § 260.

47. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action.

### COUNT II: New York Labor Law - Overtime

48. Plaintiff, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

49. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

50. Defendants willfully violated Plaintiff's rights by failing to pay him overtime compensation at rates at least one-and-one-half times their regular rate of pay for

each hour worked that exceeded forty hours per workweek, in violation of the New York Labor Law §§ 650 *et seq.* and its supporting regulations in 12 N.Y.C.R.R. § 146.

51. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

52. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

### COUNT III: New York Labor Law – Spread of Hours

53. Plaintiff, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

54. At all relevant times Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

55. Defendants willfully violated Plaintiff's rights by failing to pay him an additional hour's pay at minimum wage for each day he worked a shift lasting in excess of ten hours from start to finish, in violation of the New York Labor Law, §§ 650 et seq. and its supporting regulations, 12 N.Y.C.R.R. § 142-2.4.

56. Defendants' failure to pay the "spread of hours" compensation was willful, and lacked a good faith basis, within the meaning of the New York Labor Law §§ 198, 163 and supporting regulations.

57. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest, reasonable attorney's fees and costs and disbursements of this action, pursuant to New York Labor Law §§ 198 and 663 (1).

**COUNT IV: New York Labor Law – Wage Theft Prevention Act**

58. Plaintiff, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

59. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

60. Defendants willfully violated Plaintiff's rights by failing to provide him with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

61. Defendants willfully violated Plaintiff's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

62. Due to Defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiff is entitled to recover from Defendants statutory damages of $250 per week from February 27, 2015 through the present, up to the maximum statutory damages of $5,000.

63. Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiff is entitled to recover from Defendants statutory damages

of $50 per day from February 27, 2015 through the present, up to the maximum statutory damages of $5,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

    a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

    b. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

    c. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

    d. A compensatory award of unpaid "Spread of Hours" compensation, due under the New York Labor Law;

    e. An award of liquidated damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

    f. Liquidated damages for Defendants' New York Labor Law violations;

    g. Statutory damages for Defendants' violations of the New York Wage Theft Prevention Act;

    h. Back pay;

i. Punitive damages;

j. An award of prejudgment and post judgment interest;

k. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l. Such other, further, and different relief as this Court deems just and proper.

Dated: May 27, 2022

/s/ *Michael Samuel*
Michael Samuel, Esq. (MS 7997)
THE SAMUEL LAW FIRM
1441 Broadway – Suite 6085
New York, NY 10018
(212) 563-9884

*Attorneys for Plaintiff*