UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH RODRIGUEZ,

                Plaintiff,

-v-

CLEARBROOK MANAGEMENT INC,

                Defendant.

CIVIL ACTION NO.: 22 Civ. 4422 (JLR) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court for a Report and Recommendation is the parties' request for approval of their settlement agreement (the "Settlement Agreement"). (ECF Nos. 16; 18). In its review of the Settlement Agreement, the Court has identified an issue that must be resolved before the Court may recommend approval.

Under the Settlement Agreement, Plaintiff's counsel is to receive $8,651.00, which represents "a 1/3 contingency fee of $8,174" and $477.00 in costs (the "Costs"). (ECF No. 16 at 2; see 16-1 ¶ 1.c). "Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012) (citing 29 U.S.C. § 216(b)). "Even when a plaintiff has entered into a contingency-fee arrangement with his attorneys, and 'even when the proposed fees do not exceed one third of the total settlement amount, courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees.'" Hernandez v. Boucherie LLC, No. 18 Civ. 7887 (VEC), 2019 WL 3765750, at *4 (S.D.N.Y. Aug. 8, 2019) (citing Lazo v. Kim's Nails at York Ave., Inc., No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019)). "The lodestar method compares the proposed fees with the lodestar

amount, a reasonable hourly rate multiplied by the reasonable number of hours needed to be spent on the case." Amhaz v. Booking.com (USA) Inc., No. 17 Civ. 2120 (GBD) (OTW), 2019 WL 9122944, at *3 (S.D.N.Y. Oct. 29, 2019). "In the Second Circuit, that entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." Wolinsky, 900 F. Supp. 2d at 336 (collecting cases).

Here, while Plaintiff has submitted his retainer agreement with counsel (ECF No. 16-2), he has not provided a declaration from counsel, billing records, or similar documentation that would allow the Court to perform a lodestar analysis, i.e., to assess the reasonableness of counsel's hourly rate or the number of hours expended on the case. Without this documentation, the Court cannot complete its review of the Settlement Agreement. See Mamani v. Licetti, No. 13 Civ. 7002 (KMW) (JCF), 2014 WL 2971050, at *3 (S.D.N.Y. July 2, 2014) (declining to approve settlement agreement providing for payment of one-third contingency fee to counsel where the parties failed to "provide the Court with any information to aid the Court in assessing the reasonableness of the fee award").

Accordingly, by **December 12, 2022**, Plaintiff's counsel shall file their contemporaneous billing records supporting the requested attorneys' fees and costs, and information regarding the hourly rate for all attorneys and support staff who have worked on this case.

Dated:     New York, New York
           November 28, 2022

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**