```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
PABLO RAMON RODRIGUEZ, on behalf of himself                      :
and all other persons similarly situated,                        :
                                                                 :
                               Plaintiff,                        :       22-cv-4422 (LJL)
                                                                 :
             -v-                                                 :       OPINION AND ORDER
                                                                 :
NEW GENERATION HARDWARE STORE CORP.                              :
D/B/A NEW GENERATION HARDWARE STORE, and                         :
KEVIN REYES,                                                     :
                                                                 :
                               Defendants.                       :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/03/2023

LEWIS J. LIMAN, United States District Judge:

Plaintiff Pablo Ramon Rodriguez ("Plaintiff") was employed by New Generation Hardware Store Corp. and its owner and operator Kevin Reyes (collectively, "Defendants") for approximately eight years until around July 2021. Plaintiff filed this action on May 28, 2022, bringing claims against Defendants for violations of the Federal Fair Labor Standards Act of 1947, 28 U.S.C. § 201 et seq. ("FLSA"), and the New York Labor Law ("NYLL"). Specifically, Plaintiff claims that Defendants violated provisions of the FLSA requiring an employer to pay overtime wages and to pay a minimum wage and provisions of the NYLL requiring he payment of overtime wages and minimum wages and spread-of-hours pay and requiring an employer to provide wage acknowledgement notices and weekly wage statements mandated by the Wage Theft Protection Act. Plaintiff seeks damages, including unpaid wages and liquidated damages, interest, and reasonable attorneys' fees and costs in connection with his claims.

Plaintiff filed a complaint on May 28, 2022. Dkt. No. 1. Plaintiff served Defendants on June 3, 2022. See Dkt. Nos. 9, 10. The Clerk of Court issued a Certificate of Default on July 27,

2022, Dkt. No.14, and Plaintiff moved for default judgment against Defendants on August 25, 2022, Dkt. No. 16.  Plaintiff then filed an amended complaint on September 29, 2022, Dkt. No. 28 ("Amended Complaint"), and served Defendants on October 8, 2022, Dkt. Nos. 33, 34.  The Clerk of Court issued a Certificate of Default on November 2, 2022 with respect to the Amended Complaint.  Dkt. No. 40.  On November 3, 2022, Plaintiff moved for default judgment against Defendants and filed a supporting declaration.  Dkt. Nos. 41, 42.[1]

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth a two-step procedure to be followed for the entry of judgment against a party who fails to defend: the entry of a default, and the entry of a default judgment.  *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

The first step, entry of a default, simply "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff."  *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2022); *see* Fed. R. Civ. P. 55(a).  The second step, entry of a default judgment, "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted" by the pleadings.  *Mickalis Pawn Shop*, 645 F.3d at 128; *see also* Fed. R. Civ. P. 55(b).  Whether entry of default judgment at the second step is appropriate depends upon whether the well-pleaded allegations against the defaulting party establish liability as a matter of law.  *See Mickalis Pawn Shop*, 645 F.3d at 137.

While a defendant who defaults admits the well-pleaded factual allegations in a complaint, because a party in default does not admit conclusions of law, "a district court need not agree that the alleged facts constitute a valid cause of action."  *Id.*  (citation omitted); *see Spin*

---

[1] This action was initially brought as a class or collective action, but Plaintiff seeks a default judgment only on his own behalf.

*Master Ltd. v. 158*, 463 F. Supp. 3d 348, 367 (S.D.N.Y. 2020) ("The essence of Fed. R. Civ. P. 55 is that a plaintiff can obtain from a default judgment relief equivalent to but not greater than it would obtain in a contested proceeding assuming it prevailed on all of its factual allegations."). Therefore, this Court is "required to determine whether the [plaintiff's] allegations are sufficient to establish the [defendant's] liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 85 (2d Cir. 2009). A party later challenging the entry of a default judgment must satisfy the "good cause shown" standard in Federal Rule of Civil Procedure 55(c), which "requires a court to weigh (1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 454-55 (2d Cir. 2013).

The legal sufficiency of a non-defaulting party's claims "is analyzed under the familiar plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), aided by the additional step of drawing inferences in the movant's favor." *WowWee Group Ltd. v. Meirly*, 2019 WL 1375470, at *5 (S.D.N.Y. Mar. 27, 2019). A default judgment entered on well-pleaded allegations does not reach the issue of damages, and Plaintiff "must therefore substantiate [his] claim for damages with evidence to prove the extent of those damages." *Hood v. Ascent Med. Corp.*, 2016 WL 1366920, at *15 (S.D.N.Y. Mar. 3, 2016), *report and recommendation adopted*, 2016 WL 3453656 (S.D.N.Y. June 20, 2016), *aff'd* 691 F. App'x 8 (2d Cir. 2017) (summary order).

To determine the amount of damages that should be awarded on a default judgment, Federal Rule of Civil Procedure 55(b)(2) "leaves the decision of whether a hearing is necessary to the discretion of the district court." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989); *see also Lenard v. Design Studio*, 889 F. Supp. 2d 518, 527 (S.D.N.Y. 2012).

And "[w]here, on a damages inquest, the plaintiff makes a damages submission and the defaulting defendant makes no submission in opposition and does not request a hearing, the court may determine the adequacy of the plaintiff's damages claim based on its submitted proofs." *Lenard*, 889 F. Supp. 2d at 527

## DISCUSSION

The Court finds, as a preliminary matter, that the well-pleaded allegations in the Amended Complaint satisfy the jurisdictional prerequisites of the relevant FLSA and the NYLL provisions. *See* 29 U.S.C. §§ 206(a), 207(a)(1); NYLL §§ 2, 190 to 199-A; *see generally Marcelino v. 374 Food, Inc.*, 2018 WL 1517205, at *9-10 (S.D.N.Y. Mar. 27, 2018).

The Court further finds that these allegations substantiate Plaintiff's claimed violations of the minimum wage and overtime provisions of the FLSA, *see* 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1), 215(a), 255(a), and of the minimum wage, overtime, and spread-of-hours provisions of the NYLL, *see* NYLL §§ 2, 190 to 199, 651, 652, 663 and its supporting regulations in 12 N.Y.C.R.R § 146.

The Court has reviewed the materials submitted by Plaintiff and his counsel in connection with the instant application and believes that a further inquest would be unnecessary. *See* Dkt. No. 42.

A.  **Damages**

1.  **Statute of Limitations**

Plaintiff worked at New Generation Hardware Store Corp. between 2013 and roughly July 2021. Under the FLSA, the applicable statute of limitations is two years, although it can be extended to three years upon a finding that the employer's violations were willful. 29 U.S.C. § 255(a). The applicable limitations period for the NYLL claims is six years. NYLL § 633(3). Plaintiff filed his complaint on May 28, 2022, so the FLSA only covers his claims starting from

May 28, 2019 at the most, while the NYLL covers his claims starting from May 28, 2016.  *See Cristino v. Duke Ellington Gourmet Corp.*, 2023 WL 355702, at *4 (S.D.N.Y 2023).

### 2. Minimum and Overtime Wages

Where a plaintiff brings claims under both the FLSA and the NYLL, he "may not receive a 'double recovery' of back wages" or liquidated damages under both statutes. *Hernandez v. Jrpac Inc.*, 2016 WL 3248493, at *31 (S.D.N.Y. 2016) (quoting *Gen. Tel. Co. of the Nw. v. EEOC*, 446 U.S. 318, 333 (1980)); *see also Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018) (per curiam) (interpreting the FLSA and the NYLL "as not allowing duplicative liquidated damages for the same course of conduct.").  Because the NYLL provides for a higher minimum wage and a longer recovery period, the Court will focus its analysis on that statute.

An employee who brings an action under the FLSA or the NYLL for unpaid wages must prove that he performed the work and was not compensated properly for his time.  *See Grochowski v. Phoenix Constr.*, 318 F.3d 80, 87 (2d Cir. 2003).  While the FLSA requires an employer to "make, keep, and preserve" records of employee wages, hours, and employment conditions, 29 U.S.C. § 211(c), "[w]hen an employer fails to maintain accurate and complete records of the hours employees work and the amounts they are paid, the plaintiff-employee need only . . . submit 'sufficient evidence from which violations of the [FLSA] and the amount of an award may reasonably be inferred.'"  *Gonzalez v. Masters Health Food Serv. Inc.*, 2017 WL 3835960, at *16 (S.D.N.Y. July 27, 2017) (alteration in original) (quoting *Reich v. S. New England Telecomms. Corp.*, 121 F.3d 58, 66 (2d Cir. 1997)).

If an employee makes this showing, "[t]he burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence."  *Jrpac*, 2016 WL

5

3248493, at *27 (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88). "If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result may be only approximate." *Gonzalez*, 2017 WL 3835960, at *16 (quoting *Anderson*, 328 U.S. at 688).

"A similar standard applies to unpaid compensation claims under [the] NYLL." *Gonzalez*, 2017 WL 3835960, at *16; *see also Garcia v. JonJon Deli Grocery Corp.*, 2015 WL 4940107, at *4 n.8 (S.D.N.Y. Aug. 11, 2015) ("Courts use the same burden-shifting framework to determine liability for unpaid overtime under the NYLL [and the FLSA]."). But under the NYLL, an employer who fails to keep accurate records shoulders a more stringent burden of proof. "NYLL § 196-a provides that where an employer fails to 'keep adequate records or provide statements of wages to employees as required' by the statute, the employer 'shall bear the burden of proving that the complaining employee was paid wages, benefits and wage supplements.'" *Canelas v. World Pizza, Inc.*, 2017 WL 1233998, at *9 (S.D.N.Y. Mar. 31, 2017) (quoting NYLL § 196-a(a)); *see generally Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 497 (S.D.N.Y. 2017). The NYLL is more demanding than the FLSA, which permits an employer to discharge this burden merely by undermining the reasonableness of an employee's evidence that he was underpaid. *Cf. Jrpac*, 2016 WL 3248493, at *27. In contrast, the NYLL requires that an employer demonstrate by a preponderance of the evidence that it in fact paid its employees "wages, benefits and supplements." NYLL § 196-a(a); *see also Jrpac*, 2016 WL 3248493, at *36. And "[i]f an employer cannot satisfy its burden under the FLSA, it cannot satisfy th[is] 'more demanding burden' of the NYLL." *Canelas*, 2017 WL 1233998, at *9 (quoting *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 337 n.15 (S.D.N.Y. 2005)).

6

Defendants failed to defend against this action and did not provide Plaintiff with pay records.  Instead, Plaintiff has submitted a sworn statement attesting to the number of hours he worked per day and the number of days he worked per week, along with the payment he received for the time periods worked.  Dkt. No. 42-5.  The Court accepts these as best estimates and adequate proof.  *See Teofilo v. Real Thai Cuisine Inc.*, 2021 WL 22716, at *4 (S.D.N.Y. Jan. 4, 2021) (finding a further inquest on damages to be unnecessary when provided with sworn statements from plaintiffs regarding their hours and pay).  From its review of the evidence, the Court calculates that Plaintiff is entitled to $221,478.40 in back wages: $100,299.05 in hourly wages to meet the New York state minimum wage requirements and $121,249.35 for Defendants' failure to pay overtime.

### 3.  Liquidated Damages

Under the terms of the NYLL § 663, each Plaintiff is also entitled to liquidated damages "equal to one hundred percent of such underpayments found to be due," in the absence of a defense showing of "a good faith basis to believe that its underpayment of wages was in compliance with the law."  *See generally Marcelino*, 2018 WL 1517205, at *17–18; *see also Rana*, 887 F.3d at 122–23.  To present this defense, the employer must demonstrate that it "took 'active steps to ascertain the dictates of the FLSA and then act to comply with them.'" *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008) (quoting *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999)).  The employer must also show that its good-faith actions were objectively reasonable.  *RSR*, 172 F.3d at 142–43.  Even where a defendant employer has appeared in the action, the Second Circuit has observed that "the employer's burden [is] 'a difficult one,' emphasizing that 'double damages [are] the norm and single damages the exception.'"  *Barfield*, 537 F.3d at 150 (quoting *RSR*, 172 F.3d at 142).

Defendants have not appeared in this action or presented such a defense. Accordingly, Plaintiff is entitled to a liquidated damages award in the amount of 100% of back wages award, or $221,478.40.

### 4. Wage Theft Protection Act and Spread of Hours

The NYLL also requires employers to provide annual wage notices to employees hired after April 9, 2011, and to provide each employee with accurate wage statements at the time wages are paid. *See* NYLL §§ 195(1)(a) & (3). Plaintiff has alleged that he received no such notices either at the beginning or for the duration of his employment and thus Defendants violated Section 195(1); the Court has no basis to doubt these claims. Under the NYLL § 198-1(d), employees are entitled to recover wage-statement statutory damages of $250 dollars "for each work day that the violations occurred or continue to occur," not to exceed $5,000. In the instant case, this means that Plaintiff is entitled to $5,000 in wage-statement statutory damages. Under the NYLL § 198-1(b), employees are entitled to recover wage-notice statutory damages of $50 dollars "for each work day that the violations occurred or continue to occur," not to exceed $5,000. Here, this results in an additional $5,000 for Plaintiff for a total of $10,000.

Under NYLL §§ 650 *et seq.* and its supporting regulations, 12 N.Y.C.R.R. §142-2.4, an employer must pay an employee an additional hour's pay at minimum wage for each day the employee works a shift lasting more than 10 hours from the start of the shift to its end. *See Hernandez*, 2016 WL 3248493, at *28. Here, each of Plaintiff's shifts started at 8:00 a.m. and ended at 8:00 p.m., for a total spread of twelve hours, but he was never paid spread of hours compensation. Thus, Plaintiff is entitled to an additional hour's pay at minimum wage for each day he worked for defendant, resulting in a total of $20,103.43.

### 5. Prejudgment Interest

Finally, employees may recover prejudgment interest with respect to their back wages and spread of hours claims, but not with respect to liquidated damages or violations of the wage statement or wage notice provisions. NYLL § 198(1-a); *see Salustio v. 106 Columbia Deli Corp.*, 264 F. Supp. 3d 540, 557 (S.D.N.Y. 2017); *Maldonado v. La Nueva Rampa, Inc.,* 2012 WL 1669341 (S.D.N.Y 2012). Under New York law, the relevant interest rate is nine percent per year. N.Y.C.P.L.R. § 5004(a); *see also Gomez v. NYHS Design Inc.*, 2022 WL 4284143, (S.D.N.Y. September 16, 2022). Where, as here, the "damages were incurred at various times," the court may compute the interest "upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." *Gomez*, 2022 WL 4284143, at *7 (quoting N.Y.C.P.L.R. § 5004(b)). The damages are calculated "until the date judgment is entered." *Id.* at *8. Courts in NYLL cases often choose the midpoint of the plaintiff's employment within the statute of limitations period. *See Tackie v. Keff*, 2014 WL 4626229, at *6 (S.D.N.Y. Sept. 16, 2014); N.Y.C.P.L.R. § 5001(b). Here, the reasonable midpoint of plaintiff's employment is December 13, 2018. "Simple prejudgment interest is calculated by multiplying the principal by the interest rate by the time period-from a singular, midpoint date-up until and including the date judgment is entered." *Maldonado*, 2012 WL 1669341, at *11. The Court will award prejudgment interest in this case, starting from the midpoint of Plaintiff's employment within the limitations period, in the amount of $90,126.57.

### B.    Attorneys' Fees and Costs

"Under both the FLSA and the NYLL, a prevailing plaintiff may recover her reasonable attorney[s'] fees and costs." *Najnn v. Dollar Mountain, Inc.*, 2015 WL 6125436, at *4 (S.D.N.Y. Sept. 25, 2015); *see* 29 U.S.C. § 216(b); NYLL § 198(1-a). The Court has discretion to

determine the amount of attorneys' fees that would be appropriate to satisfy a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

As a general matter, the "starting point" in analyzing whether claimed attorneys' fees are appropriate is "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Milea v. Metro-North R.R. Co.*, 658 F.3d 154m 166 (2d Cir. 2011); *see generally Lilly v. City of New York*, 934 F.3d 222, 227-34 (2d Cir. 2019) (discussing calculation of reasonable hourly rates and reasonable number of hours expended). The party seeking fees bears the burden of demonstrating that its requested hours and hourly rates are reasonable and must provide a court with sufficient information to assess the fee application. *See Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 512-13 (S.D.N.Y. 2011).

A court's focus is "on setting a reasonable hourly rate, taking account of all case-specific variables." *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany*, 522 F.3d 182, 189. The reasonable hourly rate is "the rate a paying client would be willing to pay," bearing in mind "that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Id.* at 190. When an attorney's requested hourly rate is higher than rates found to be reasonable in the relevant market, the court may reduce the requested rate. *See Savino v. Computer Credit, Inc.*, 164 F.3d 81, 87 (2d Cir. 1998). Once a court has determined the appropriate hourly rate, it must also examine whether the number of hours billed was reasonable. The court "should exclude excessive, redundant or otherwise unnecessary hours[.]" *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999).

An attorneys' fees award may also include "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998). These "costs" may include photocopying, travel, telephone

costs, *id.*, as well as filing fees and reasonable process-server fees. *Rosendo v. Everbrighten Inc.*, 2015 WL 1600057, at *9 (S.D.N.Y. Apr. 7, 2015), *report and recommendation adopted*, 2015 WL 4557147 (S.D.N.Y. July 28, 2015).

The Court has reviewed the submissions of Plaintiff's counsel documenting the hours worked and the activities performed in support of this action. Dkt. No. 42-7. It accepts the costs figure of $570.00, which includes filing fees and process-server fees. *Id.* It also accepts the figure of 8.6 hours expended by Plaintiff's counsel on this case at a rate of $450 per hour for Michael Samuel and $400 for Andrew Beresin for a total of $3,650. Dkt. No. 42. *See Lee v. Mani & Pedi Inc.*, 2022 WL 3645118, at *4 (finding that "courts within the Southern District of New York award fees for rates between $250.00 and $450.00 per hour in FLSA cases, deeming the upper range appropriate for the most experienced FLSA litigators"). Michael Samuel has litigated over 250 wage-and-hour cases during his career and thus his hourly rate of $450 is reasonable. Andrew Beresin has litigated 50 wage-and-hour cases over the past three years; $400 per hour is also reasonable.

## CONCLUSION

For the reasons set forth above, the Court concludes that Plaintiff is entitled to relief on his claim for back wages, including unpaid spread-of hours pay, and for attorneys' fees and costs. The Clerk of Court is directed to prepare a judgment reflecting the Court's holding and setting for the Plaintiff's damages as follows:

- For Plaintiff Pablo Ramon Rodriguez: $221,478.40 in back wages, $221,478.40 in liquidated damages, and $20,103.43 for unpaid spread of hours wages under the NYLL; $10,000 for Defendants' violations of the Wage Theft Prevention Act; and 9% prejudgment interest with respect to Plaintiff's back wages and spread of hours claim, accruing from December 13, 2018 in the amount of $90,126.57.

11

- The Court also awards attorneys' fees in the amount of $3,650.00 and costs in the amount of $570.00.

The Clerk of Court is respectfully directed to close Dkt. No. 41.

SO ORDERED.

Dated: February 3, 2023
      New York, New York

                                      LEWIS J. LIMAN
                                  United States District Judge