UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
                                                                  :
PABLO RAMON RODRIGUEZ, *on behalf of himself*                     :
*and all other persons similarly situated*,                       :
                                                                  :
                                        Plaintiff,                :          22-cv-4422 (LJL)
                                                                  :
                        -v-                                       :          MEMORANDUM AND
                                                                  :               ORDER
NEW GENERATION HARDWARE STORE CORP.                               :
D/B/A NEW GENERATION HARDWARE STORE, and                          :
KEVIN REYES,                                                      :
                                                                  :
                                        Defendants.               :
                                                                  :
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

        Plaintiff Pablo Ramon Rodriguez ("Plaintiff") moves, pursuant to Federal Rules of Civil

Procedure 37(a)(1) and 69(a)(2) and New York Civil Practice Laws and Rules 2308(b)(1), for an

order compelling defendant Kevin Reyes ("Reyes") to respond to Plaintiff's information

subpoena (the "Information Subpoena"). Dkt. No. 53.

        "As a general rule, once a federal court has entered judgment, it has ancillary jurisdiction

over subsequent proceedings necessary to 'vindicate its authority, and effectuate its decrees.'"

*Dulce v. Dulce*, 233 F.3d 143, 146 (2d Cir. 2000) (quoting *Peacock v. Thomas,* 516 U.S. 349,

354 (1996)). "This includes proceedings to enforce the judgment." *Id.*; *see Jones v. Milk River

Café, LLC*, 2022 WL 3300027, at *3 (E.D.N.Y. Aug. 11, 2022); *VFS Fin., Inc. v. Elias-Savion-

Fox LLC*, 73 F. Supp. 3d 329, 335 (S.D.N.Y. 2014).  Under Federal Rule of Civil Procedure

69(a)(2), a judgment creditor may obtain discovery "[i]n aid of judgment or execution" in

accordance with the procedure provided for under the Federal Rules of Civil Procedure or under

the procedure of the state where the court is located.  Fed. R. Civ P. 69(a)(2).  New York Civil

Practice Laws and Rules 5223 and 5224 allow a judgment creditor to serve an information

subpoena "[a]t any time before a judgment is satisfied or vacated," to obtain disclosure "of all

matter relevant to the satisfaction of the judgment."  N.Y.C.P.L.R. 5223, 5224(a)(3).  The

recipient of an information subpoena is required to respond within seven days of receipt.  *Id.*

5224(a)(3).  "[B]road post-judgment discovery in aid of execution is the norm in federal and

New York state courts."  *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012),

*aff'd sub nom. Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134 (2014).  "The scope of

discovery under Rule 69(a)(2) is constrained principally in that it must be calculated to assist in

collecting on a judgment."

The Clerk of Court entered a judgment on February 3, 2023, in favor of Plaintiff and

against Reyes and New Generation Hardware Store Corp. (collectively "Defendants") in the

amount of $567,406.80.  Dkt. No. 50.  No appeal was taken.  On June 6, 2023, Plaintiff served

Reyes with the Information Subpoena by first class mail, certified mail, return receipt requested

as permitted by the Civil Practice Laws and Rules.  Dkt. Nos. 55-1–55-2; *see* N.Y. C.P.L.R.

5224(a)(3).  The Information Subpoena demanded answers by Reyes within seven days of

receipt.  Dkt. No. 55-1, at ECF p. 4.  The Information Subpoena seeks information relevant to the

collection of the judgment.  *Id.* at ECF pp. 4–8.  Reyes has failed to respond to the Information

Subpoena.  Dkt. No. 54 ¶ 3.

Plaintiff filed this motion to compel on November 15, 2023.  Dkt. No. 53.  On November

16, 2023, the Court entered a minute order advising that, if no response was filed by November

29, 2023, the Court would consider the motion to be unopposed.  Dkt. No. 56.  Plaintiff served

the motion to compel and this Court's November 16, 2023 order on Defendants on November

30, 2023.  No response has been received.

Federal Rule of Civil Procedure 37(a)(1) gives the Court authority to order a party to respond to a discovery request upon a showing that the party has failed to produce documents. Fed. R. Civ. P. 37(a)(1).  The rule provides that, after giving the non-moving party an opportunity to be heard, the court shall order the non-moving party to pay the moving party's reasonable expenses in making the motion absent a showing of substantial justification or other circumstances making an award of expenses unjust.  Fed. R. Civ. P. 37(a)(5)(A).  New York Civil Practice Laws and Rules 2308(b)(1) is to similar effect, save that it provides for a penalty not to exceed fifty dollars and damages sustained by reason of the failure of the non-moving party to comply.  N.Y. C.P.L.R. 2308(b)(1).

Plaintiff has shown that Reyes is in default of his discovery obligations under New York state law.  Accordingly, he is ORDERED to respond to the Information Subpoena.  A copy of this ORDER and the Information Subpoena shall be served on Reyes and a certificate of service shall be filed on the docket.  Failure of Reyes to respond to the Information Subpoena within two weeks of the date of receipt may give rise to contempt sanctions.  Plaintiff is authorized to file a motion for reasonable expenses and costs with the Court.

## CONCLUSION

The motion to compel is GRANTED.  The Clerk of Court is respectfully directed to close Dkt. No. 53.

SO ORDERED.

Dated: January 22, 2024
      New York, New York                       _____
                                                            LEWIS J. LIMAN
                                                      United States District Judge

3