```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                                :
PABLO RAMON RODRIGUEZ                                           :
                                                                :
                              Plaintiff,                        :
                                                                :           22-cv-4422 (LJL)
              -v-                                               :
                                                                :          MEMORANDUM AND
NEW GENERATION HARDWARE STORE CORP. et                          :              ORDER
al.,                                                            :
                                                                :
                              Defendants.                       :
                                                                X
---------------------------------------------------------------
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/2/2023

LEWIS J. LIMAN, United States District Judge:

Plaintiff Pablo Ramon Rodriguez ("Plaintiff") moves for an order of contempt against Defendants New Generation Hardware Store Corp. and Kevin Reyes (together, "Defendants"), Dkt. No. 61, for failure to comply with Plaintiff's subpoena duces tecum dated June 6, 2023 and information subpoenas dated June 5, 2023, and for failure to comply with the Court's order dated January 22, 2024, directing Reyes to respond to the information subpoena, Dkt. No. 58. For the following reasons, the motion for contempt sanctions is granted.

## BACKGROUND

Plaintiff filed this action, alleging violations of the Fair Labor Standards Act and New York Labor Law, in May 2022. Dkt. No. 1. Plaintiff filed an amended complaint in September 2022. Dkt. No. 28. Despite being properly served with both the complaint and the amended complaint, Defendants failed to appear. In November 2022, Plaintiff moved for entry of default judgment against Defendants. Dkt. No. 41. The Court held a hearing on the motion in December 2022. 12/15/22 Minute Entry. Again, although Defendants were properly served with Plaintiff's motion for default judgment, they failed to appear. *Id.* On February 3, 2023, the Court entered a judgment against both Defendants on Plaintiff's claim for back wages and

attorneys' fees and costs plus prejudgment interest in the total amount of $567,406.80. Dkt. No. 50. Defendants failed to pay.

On June 6, 2023, Plaintiff served Defendant Reyes with an information subpoena (the "Information Subpoena") seeking information relevant to the collection of the judgment. Dkt. No. 55-1. Reyes failed to respond to the Information Subpoena. Dkt. No. 54 ¶ 3; Dkt No. 55-1. On January 22, 2024, on motion of Plaintiff, Dkt. No. 53, the Court issued a memorandum and order compelling Defendant Reyes to respond to the Information Subpoena, Dkt. No. 58. The Court's order noted that the "[f]ailure of Reyes to respond to the Information Subpoena within two weeks of the date of receipt may give rise to contempt sanctions." *Id.* at 3. On January 31, 2024, Plaintiff filed a certificate of service that the Court's order was served on Reyes and New Generation by Federal Express. Dkt. No. 59. Reyes did not respond to the subpoena or the Court's order, and Plaintiff moved for contempt on February 20, 2024. Dkt. No. 61. On February 21, 2024, the Court issued an order scheduling a contempt hearing for March 21, 2024. Dkt. No. 62. Plaintiff appeared at the hearing and Defendant did not. 3/21/24 Minute Entry. That same day, the Court issued an order finding that Plaintiff had satisfied all of the elements necessary to establish civil contempt. The Court explained that its January 22, 2024 order "was clear and unambiguous, the proof of noncompliance [was] clear and convincing, and there [was] no evidence that [Reyes] ha[d] diligently attempted to comply in a reasonable manner." Dkt. No. 65 (citing *CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016)). The Court reserved judgment on the scope of contempt sanctions and scheduled the telephonic hearing for today to give its opinion and to announce the contempt sanctions. The Court ordered that the March 21, 2024 order be served on Defendants. On March 25, 2024, Plaintiff filed a certificate of service that the Court's order was served on Defendants by Federal Express with postage

prepaid and by certified U.S. mail, with postage prepaid and return receipt requested.  Dkt. No. 66.  The evidence reflects that the order was signed for by Defendant Reyes on March 25.  *Id.*  Defendants nevertheless failed to appear at today's hearing.

## DISCUSSION

The Court reaffirms its findings and conclusions from its March 21, 2024 hearing and order.  The Court's order of January 22, 2024 to Defendant Reyes was clear and unambiguous.  He was "ordered to respond to the Information Subpoena."  Dkt. No. 58 at 3.  The order could leave "no doubt in the mind[] of [Defendant Reyes]" as to what was required of him.  *See Drywall Tapers & Pointers of Greater N.Y. v. Loc. 530 of Operative Plasterers and Cement Masons Int'l Ass'n*, 889 F.2d 389, 395 (2d Cir. 1989).  The proof of his non-compliance also is clear and convincing.  He has not responded to the Information Subpoena.  There is no evidence whatsoever of any efforts by him to comply.  All of the requirements necessary for a finding of civil contempt have been satisfied, and the Court today enters an order of civil contempt.  *CBS Broad. Inc.*, 814 F.3d at 98.

The next question is the nature of the sanctions.  Unlike criminal contempt sanctions, civil contempt sanctions are not punitive.  *See Sunbeam Corp. v. Golden Rule Appliance Co.*, 252 F.2d 467, 469 (2d Cir. 1958).  Civil contempt sanctions are intended "to secure future compliance with court orders and to compensate the party that has been wronged."  *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 657 (2d Cir. 2004).  For coercive sanctions, a court has "broad discretion to design a remedy that will bring about compliance."  *Id.* (quoting *Perfect Fit Indus. V. Acme Quilting Co.*, 673 F.2d 53, 57 (2d Cir. 1982)).  When fashioning coercive sanctions, a court considers "(1) the character and magnitude of the harm threatened by the continued contumacy; (2) the probable effectiveness of any suggested sanction in bringing about compliance; and (3) the contemnor's financial

resources and the consequent seriousness of the burden of the sanction upon him." *Dole Fresh Fruit Co. v. United Banana Co.*, 821 F.2d 106, 110 (2d Cir. 1987). "A contemnor may be excused from the burden of a civil contempt sanction if it lacks the financial capacity to comply; but the contemnor bears the burden of production in raising such a defense." *Paramedics Electromedicina Comercial*, 369 F.3d at 658. "A civil contemnor may purge himself of contempt at any time by compliance." *In re Irving*, 600 F.2d 1027, 1031 (2d Cir. 1979).

      The Court concludes that money sanctions in the amount of $500 per day for every weekday that Defendant Reyes is in non-compliance payable to the Clerk of Court and effective beginning on April 12, 2024 is sufficient but not greater than necessary to compel compliance. *See, e.g.*, *Tacuri v. Nithun Constr. Co.*, 2019 WL 6914042, at *4 (E.D.N.Y. Dec. 19, 2019) (imposing money sanctions as coercive measure to ensure compliance with information subpoena); *Leser v. U.S. Bank Nat'l Ass'n*, 2011 WL 1004708, at *12 (E.D.N.Y. March 18, 2011) (imposing sanction of $500 per day for each day of the contemnor's continued contumacy). In imposing that sanction, the Court takes into account that Defendant Reyes has been in non-compliance of the Court's direct order since January 22, 2024, *see Al Hirschfeld Found. v. Margo Feiden Galleries Ltd.*, 438 F. Supp. 3d 203, 208 (S.D.N.Y. 2020), but also that this is the first order of contempt imposed upon him, *see LaBarbera v. Gulgar Trucking*, 2020 WL 9814079, at *4 (E.D.N.Y. Feb. 4, 2020). Moreover, Plaintiff filed several subpoenas seeking information relating to collection of the default judgment award. *See Al Hirschfeld Found.*, 438 F. Supp. 3d at 208–09. The operative complaint alleges that the New Generation Hardware Store Corp., of which Reyes is the owner or a partial owner, has annual revenues in excess of $500,000. Dkt. No. 28 ¶ 8. Because Defendants have not appeared before the Court at all, much less contested their ability to pay such sanctions, *see, e.g.*, *Tacuri*, 2019 WL 6914042,

at *3, the Court finds that the sanction is not excessive in light of Defendants' uncontested resources. The Court also concludes, however, that if Defendant Reyes fails to comply with the Information Subpoena by April 19, 2024, the daily sanction amount will increase to $1,000 per weekday. The sanctions will accrue each weekday and will be payable on a weekly basis to the Clerk of the Court, starting on April 19. In other words, on April 19, 2024, Defendant Reyes shall make a payment to the Clerk of Court for sanctions that have accrued for the period April 12 to April 18, 2024. If Defendant Reyes has not complied by April 19, 2024, Defendant shall make a payment to the Clerk of the Court on April 26, 2024, for the additional sanctions that have accrued from April 19 to April 25, 2024, plus any unpaid contempt sanctions from the previous week. Such obligations shall continue until Defendant Reyes is in compliance with the Court's January 22, 2024 order. In addition, the Court will hold a hearing on April 24, 2024 at 10:00 AM in Courtroom 15C, 500 Pearl Street, New York, NY 10007, to determine whether contempt sanctions should be increased. The Court notes that, as an "individual[] charged with civil contempt," Defendant Reyes is entitled to counsel at the hearing, and any subsequent contempt hearings. *SerVaas Inc. v. Mills*, 661 F. App'x 7, 9 (2d Cir. 2016) (summary order). Because courts must use the "least possible power adequate to the end proposed," *Shillitani v. United States*, 384 U.S. 364, 371 (1966), the Court will not now issue a warrant for Defendant Reyes's arrest, nor will it consider issuing a warrant for Defendant Reyes's arrest at the April 24, 2024 hearing. However, if Defendant Reyes continues to fail to comply with the Court's January 22, 2024 order through May 12, 2024—one month from the date that monetary penalties begin to accrue—Plaintiff may renew his motion for contempt sanctions and specifically request a warrant for the arrest of Defendant Reyes for the purpose of bringing him to future Court hearings. *See Bank of Credit & Com. Int'l (Overseas) Ltd. v. Tamraz*, 2006 WL 1643202, at *3

(S.D.N.Y. June 13, 2006) ("Arrest is an appropriate coercive sanction for civil contempt, so long as its purpose is not punitive but is instead to compel the contemnor to perform the required act."); *see also Daniel F. Kelleher Auctions, LLC v. Huh*, 2019 WL 296522, at *3–4 (D. Conn. Jan. 23, 2019).

Plaintiff is ordered to serve a copy of this Order on Defendant Reyes by both Federal Express one-day delivery return-receipt and first class mail return-receipt by April 3, 2024 and to file a certificate of service on the docket.

## CONCLUSION

The motion for contempt sanctions is GRANTED.

The Clerk of Court is respectfully directed to close Dkt. No. 61.

SO ORDERED.

Dated: April 2, 2024
      New York, New York

                                            LEWIS J. LIMAN
                                         United States District Judge