UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
PABLO RAMON RODRIGUEZ,                         :
:
                                  Plaintiff,   :
:
                    -v-                        :
:
NEW GENERATION HARDWARE STORE CORP. et        :
al.,                                           :
:
                                  Defendants.  :
                                               X
------------------------------------------------------------------

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__4/24/2024__

22-cv-4422 (LJL)

MEMORANDUM AND
ORDER

LEWIS J. LIMAN, United States District Judge:

Following a motion by Plaintiff Pablo Ramon Rodriguez ("Plaintiff") for contempt

sanctions against Defendant Kevin Reyes ("Defendant" or "Reyes"), Dkt. No. 61, the Court on

March 21, 2024, found that all elements necessary to impose contempt sanctions had been met,

Dkt. No. 65.  The Court reserved decision on the scope of contempt sanctions until a hearing on

April 2, 2024, at which the Court ordered Mr. Reyes to pay a fine of $500 per day for every

week day that he was in non-compliance with the Court's order of January 22, 2024, beginning

April 12, 2024.  Dkt. No. 67.  At the April 2, 2024 hearing, the Court also scheduled a hearing

for today, April 24, 2024, to evaluate whether contempt sanctions should be increased.  *See id.* at

5.  This Memorandum and Order memorializes the Court's findings from its hearing today.  The

Court determined that it would not raise the $500 penalty, but that, as stated in its April 2

Memorandum, it would permit Plaintiff to renew his request for Mr. Reyes's arrest if Mr. Reyes

remained in contempt of the Court's clear directives by May 12, 2024.

## BACKGROUND

Plaintiff filed this action, alleging violations of the Fair Labor Standards Act and New

York Labor Law, in May 2022.  Dkt. No. 1.  Plaintiff filed an amended complaint in September 2022.  Dkt. No. 28.  Despite being properly served with both the complaint and the amended complaint, both Mr. Reyes and the corporate defendant, New Generation Hardware Store Corp., failed to appear.  In November 2022, Plaintiff moved for entry of default judgment against Defendants.  Dkt. No. 41.  The Court held a hearing on the motion in December 2022. 12/15/22 Minute Entry.  Again, although Defendants were properly served with Plaintiff's motion for default judgment, they failed to appear.  *Id.*  On February 3, 2023, the Court entered a judgment against both Defendants on Plaintiff's claim for back wages and attorneys' fees and costs plus prejudgment interest in the total amount of $567,406.80.  Dkt. No. 50.  Defendants failed to pay. On June 6, 2023, Plaintiff served Defendant Reyes with an information subpoena (the "Information Subpoena") seeking information relevant to the collection of the judgment.  Dkt. No. 55-1.  Mr. Reyes failed to respond to the Information Subpoena.  Dkt. No. 54 ¶ 3; Dkt No. 55-1.  On January 22, 2024, on motion of Plaintiff, Dkt. No. 53, the Court issued a memorandum and order compelling Mr. Reyes to respond to the Information Subpoena, Dkt. No. 58.  The Court's order noted that the "[f]ailure of [Mr.] Reyes to respond to the Information Subpoena within two weeks of the date of receipt may give rise to contempt sanctions."  *Id.* at 3.  On January 31, 2024, Plaintiff filed a certificate of service that the Court's order was served on Mr. Reyes and New Generation by Federal Express.  Dkt. No. 59.  Mr. Reyes did not respond to the subpoena or the Court's order, and Plaintiff moved for contempt on February 20, 2024.  Dkt. No. 61. On February 21, 2024, the Court issued an order scheduling a contempt hearing for March 21, 2024. Dkt. No. 62. Plaintiff appeared at the hearing and Defendant did not.  3/21/24 Minute Entry.  That same day, the Court issued an order finding that Plaintiff had satisfied all of the elements necessary to establish civil contempt.  The Court explained that its January 22, 2024

order "was clear and unambiguous, the proof of noncompliance [was] clear and convincing, and there [was] no evidence that [Mr. Reyes ha[d] diligently attempted to comply in a reasonable manner."  Dkt. No. 65 (citing *CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016)).  The Court reserved judgment on the scope of contempt sanctions and scheduled the telephonic hearing for April 2, 2024, to give its opinion and to announce the contempt sanctions. The Court ordered that the March 21, 2024 order be served on Defendants.  On March 25, 2024, Plaintiff filed a certificate of service that the Court's order was served on Defendants by Federal Express with postage prepaid and by certified United States mail, with postage prepaid and return receipt requested.  Dkt. No. 66.  The evidence reflects that the order was signed for by Mr. Reyes on March 25.  *Id.*  Mr. Reyes nevertheless failed to appear at the April 2, 2024 hearing. The Court accordingly determined that a monetary sanction of $500 per weekday beginning April 12, 2024, was sufficient, but not greater than necessary, to compel compliance.  The Court scheduled a follow-up conference for today, April 24, to determine whether the monetary fines should be increased if Mr. Reyes continued to fail to comply with the Court's clear directives. Plaintiff appeared.  Mr. Reyes elected not to appear.

## DISCUSSION

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt," *In re Martin–Trigona,* 732 F.2d 170, 173 (2d Cir.1984) (quoting *Shillitani v. United States,* 384 U.S. 364, 370 (1966) (internal quotation marks omitted)), and thus can sanction an individual or entity that fails to comply with the court's discovery orders when certain conditions are met.  Pursuant to Federal Rule of Civil Procedure 45(g), an "issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena."  *See, e.g.*, *Giuliano v. N.B. Marble Granite*, 2014 WL 2805100, at *5 (E.D.N.Y.

June 20, 2014); *Beare v. Millington,* 2010 WL 234771, at *3 (E.D.N.Y. Jan. 13, 2010) (stating that unless the subpoena is improperly issued or the non-party has an adequate excuse, failure to comply with a subpoena made under Rule 45 may be deemed contempt of court) (citing Fed. R. Civ. P. 45(e)). Further, under 18 U.S.C. § 401(3), the Court is empowered to enforce compliance with its orders through civil contempt. 18 U.S.C. § 401(3) ("A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command."). "Indeed, the judicial power to hold a non-party who has failed to obey a valid subpoena in contempt is the primary mechanism by which a court can enforce a subpoena." *Beare*, 2010 WL 234771, at *3 (citing David D. Siegel, Fed. R. Civ. P. 45, Practice Commentaries, C45–26).

Before the Court can hold a person in civil contempt, due process requires that the person be given notice that he or she is a defendant in a contempt hearing, and, if he or she faces possible incarceration, that he or she be afforded the right to counsel. *See Bank of Credit & Commerce Int;l (Overseas) Ltd. v. Tamraz,* 2006 WL 1643202, at *3 (S.D.N.Y. June 13, 2006); *see also Drywall Tapers & Pointers, Loc. 1974 v. Loc. 530 of Operative Plasterers & Cement Masons Int'l Ass'n,* 889 F.2d 389, 394 (2d Cir. 1989) ("Due process requires that before being held in contempt, a party must have notice that it is a defendant in a contempt hearing." (citing Fed. R. Crim. P. 42(b))); *Dole Fresh Fruit Co. v. United Banana Co.,* 821 F.2d 106, 109–10 (2d Cir.1987) (same); *Z–Int'l, Inc. v. Z Line Int'l, Inc.,* 2005 WL 1580609, at *4 (S.D.N.Y. July 6, 2005) ("Before imposing sanctions on a person charged with civil contempt, due process requires that the person receive notice and an opportunity to be heard." (citing *Sterling Nat'l. Bank v. A–1 Hotels Int'l, Inc.,* 2004 WL 1418201, at *2 (S.D.N.Y. June 23, 2004))); *Lesser v.*

*U.S. Nat'l Bank Ass'n*, 2011 WL 1004708, at *7-8 (E.D.N.Y. Mar. 18, 2011) (same); *see generally In re Oliver*, 333 U.S. 257, 275 (1948).

Here, there is no question that the service of Plaintiff's contempt motion and this Court's Order to Show Cause, March 21 contempt hearing, and April 2, 2024 order, put Mr. Reyes on notice of the civil contempt proceedings instituted against him, of his right to be heard, and his right to counsel at these proceedings. First, Plaintiff's contempt motion put Mr. Reyes on notice that Plaintiff was moving to hold him in contempt, that Plaintiff was seeking the imposition of monetary sanctions to compel his compliance, as well as a court order requiring the United States Marshal to bring Mr. Reyes before the Court. Additionally, this Court's Order to Show Cause and record of the subsequent contempt hearing—both of which were properly served on Mr. Reyes—explicitly notified Mr. Reyes, in no uncertain terms, that he: (1) was a defendant in a civil contempt hearing; and (2) faced sanctions if he continued to fail to comply.  The Court's April 2, 2024 Memorandum finding Mr. Reyes in contempt and imposing sanctions for civil contempt further apprised Mr. Reyes that the Court would hold a hearing today, April 24, 2024, whether Mr. Reyes had come into compliance with the Court's clear directives, and that the Court would permit Plaintiff to renew his request for Mr. Reyes's arrest if Mr. Reyes remained in contempt of the Court's clear directives by May 12, 2024.  Mr. Reyes has nevertheless failed to appear.  The April 2 Memorandum also informed Mr. Reyes that he had the right to an attorney at the Court's hearing today and at future contempt hearings, and one would be appointed to him if he could demonstrate that he could not afford an attorney.

Mr. Reyes was properly served with this Court's Order to Show Cause, Plaintiff's contempt motion papers, and this Court's March 21 and April 2 orders finding Mr. Reyes in contempt in accordance with the applicable federal and local rules.  The Court accordingly finds

that Mr. Reyes had been sufficiently notified of the contempt proceedings against him, of his right to counsel, and of the possible ramifications of his nonattendance. Accordingly, pursuant to the Court's April 2 Memorandum, if Mr. Reyes fails to continue to comply with the Court's directive by May 12, 2024, Plaintiff may renew his request for a court order directing the arrest of Mr. Reyes. If Plaintiff renews his request, he must comply with the applicable federal and local rules regarding services. *See, e.g.*, S.D.N.Y. Local Rule 83.6 (requiring, where the movant seeks "to adjudicate a person in civil contempt," that personal service, along with service of a copy of Local Rule 83.6; allowing for the recovery of a "reasonable counsel fee;" and allowing the Court to order the contemnor's arrest). At that point, the Court will reconsider the following factors: "'(1) the character and magnitude of the harm threatened by the continued contumacy, (2) the probable effectiveness of the sanction in bringing about compliance, and (3) the contemnor's financial resources and the consequent seriousness of the sanction's burden." *N.Y. State Nat'l Org. v. Terry*, 886 F.2d 1339 (2d Cir. 1989); *Paramedics Electromedicina Comercial Ltd. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 658 (2d Cir. 2004). The Court, exercising its "broad discretion to design a remedy that will bring about compliance," *Perfect Fit Indus. v. Acme Quilting Co.*, 673 F.2d 53, 57 (2d Cir.1982), will specifically consider whether, in light of the above factors, arrest is the appropriate sanction for civil contempt and is no sufficient but not greater than necessary to compel compliance, *see, e.g.*, *Cordius Tr. v. Kummerfeld Assocs., Inc.*, 658 F. Supp. 2d 512, 525 (S.D.N.Y. 2009).

Plaintiff is ordered to serve a copy of this Order on Mr. Reyes by Federal Express one-day delivery return-receipt and first class mail return-receipt by April 26, 2024, and to file a certificate of service on the docket.

## CONCLUSION

Monetary contempt sanctions will continue to accrue in the amount of $500 per weekday. If Mr. Reyes fails to comply by May 12, 2024, Plaintiff may renew his request on that date or thereafter for a court order directing Mr. Reyes's arrest.

      SO ORDERED.

Dated: April 24, 2024
      New York, New York

                             LEWIS J. LIMAN
                       United States District Judge